

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **UNDER SEAL** |
| ) | |
| v. ) | Case No. 1:19-mj-231 |
| ) | |
| ALLISON ELIZABETH FLUKE-EKREN, ) | |
|    a/k/a "Allison Elizabeth Brooks," ) | |
|    a/k/a "Allison Ekren" ) | |
|    a/k/a "Umm Mohammed al-Amriki," ) | |
|    a/k/a "Umm Mohammed," ) | |
|    a/k/a "Umm Jabril," ) | |
| ) | |
|        Defendant. ) | |

## GOVERNMENT'S MOTION TO SEAL COMPLAINT
## PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the complaint, affidavit in support of the complaint, arrest warrant, and this Motion to Seal and proposed Order until the Court enters an order unsealing this matter upon further motion of the United States.

**I.    REASONS FOR SEALING** (Local Rule 49(B)(1))

    1.    The Federal Bureau of Investigation ("FBI") has been investigating the defendant, Allison Elizabeth Fluke-Ekren ("Fluke-Ekren"). Fluke-Ekren is a 39-year-old United States citizen who is believed to be residing in Syria as a member of the Islamic State of Iraq and al-Sham ("ISIS"), a foreign terrorist organization. Fluke-Ekren traveled to Syria for the purpose of committing or supporting jihad. Since her departure from the United States several years ago and continuing until today, Fluke-Ekren has been involved with a number of terrorism-related activities. These activities include, but are not limited to, planning and recruiting operatives for a potential future attack on a college campus inside the United States, and serving as the

1

appointed leader and organizer of an ISIS military battalion in order to train women on the use of automatic firing AK-47 assault rifles, grenades, and suicide belts. Additionally, Fluke-Ekren has provided ISIS and ISIS members with services, which include lodging, translating speeches made by ISIS leaders, training children on the use of AK-47 assault rifles and suicide belts, and teaching extremist ISIS doctrine.

2. Premature disclosure of the charges against the defendant would jeopardize an ongoing criminal investigation threatening our ability to locate and arrest the defendant, and may lead to the destruction of evidence. Disclosure of the charging documents would provide the defendant and others with a roadmap of the ongoing criminal investigation, including the identity of potential witnesses involved.

## II.   REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

3. The Court has the inherent power to seal complaints and affidavit in support of complaints. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the complaint and affidavit in support of the complaint is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. *See e.g., In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th

2

Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

### III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4. For the reasons explained above, the complaint and affidavit in support of the complaint would need to remain sealed until the Court enters an order unsealing this matter upon further motion of the United States.

5. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to unseal the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

6. Given the unique circumstances of this case, *i.e.*, the defendant is charged with a terrorism offense and may be located in Syria, the government respectfully moves for the complaint, affidavit in support of the complaint, and arrest warrant to remain sealed – with the exception that the complaint, affidavit in support of the complaint, and arrest warrant are unsealed for the limited purpose of disclosing the existence of or disseminating the complaint, affidavit in support of the complaint, and/or arrest warrant to relevant United States, foreign, or intergovernmental authorities, at the discretion of the United States and in connection with efforts to prosecute the defendant or to secure the defendant's arrest, extradition or expulsion, or as otherwise required for purposes of national security. The government will inform the relevant United States, foreign, or intergovernmental authorities that the matter is sealed.

WHEREFORE, the United States respectfully requests that the complaint, affidavit in support of the complaint, arrest warrant, and this Motion to Seal and proposed Order be sealed until the Court enters an order unsealing this matter upon further motion of the United States.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____

Raj Parekh
John Gibbs
Assistant United States Attorneys